J. A. COLLGER *et al. v.* M. FRANCIS *et al.*

1. BILLS AND NOTES. *Insolvent estate. Fraud. Evidence.* The declaration of the assignor of a note against an insolvent estate, as to his fraudulent intentions, are not competent evidence against his assignee, where such declarations are not made in the presence of, nor brought to the knowledge of the assignee.

2. SAME. *Same.* If a note be transferred for a sum greatly inadequate to its real value, where the purchaser is trading with a man in embarrassed circumstances for a note that is over due, and with means by which with proper inquiry he could approximate the real value of the note, though there is no evi-

dence of fraud, the suspicious character of such a transaction will limit the holder's recovery to the amount actually paid with interest by him for the same.

Case cited: Alley *v.* Connel, 3 Head, 578.

FROM RUTHERFORD.

Appeal from the Chancery Court.  B. M. TILL-MAN, Chancellor.

CANTRELL & GRIBBLE for Collger *et al.*

HEAD & SONS and J. S. BARTON for Francis *et al.*

NICHOLSON, C. J., delivered the opinion of the Court.

Complainants being judgment creditors of M. Francis, filed this bill to subject to the satisfaction of their claims the proceeds of a note of $1,650, executed by James S. Odom, deceased, payable to M. Francis, and by him assigned, in 1860, to R. D. Puckett, upon the ground that the assignment was fraudulent and void, as against the creditors of M. Francis.

The assignment was made after the death of Odom, and while his estate was being administered as insolvent in the Chancery Court. The bill alleges that the assignment was without consideration, and calls upon Francis and Puckett to discover on oath in answer to specific interrogatories, whether the assign-

J. A. Collger *et al. v.* M. Francis *et al.*

ment was not fraudulent; what was the consideration thereof; how the same was paid, etc.

Francis, being dead, does not answer, but Puckett answers in detail, denying the fraud, stating that he bought the note in good faith, paid $355 for it, and that, as it was an insolvent estate, this was a fair consideration therefor. All the special interrogatories are fully answered.

It appears that the *pro rata* share of the estate of Odom, subject to be applied to the note in controversy, is about $950, which is in the hands of the Clerk and Master, and the question is, whether Puckett, the assignee, or the complainants, creditors of Francis, are entitled to the money.

The proof is sufficient to fix upon Francis a fraudulent purpose in the transfer of the note, in the absence of any evidence to explain his declarations as to his purpose to make a fraudulent assignment prior to the transfer. Being dead, Francis has not answered. But these declarations of Francis were not made in the presence of Puckett, nor is it shown that he bought the note with any knowledge of such declarations. As they were not made in reference to the title of the note, they are not competent evidence against Puckett. His answer, in response to the special interrogatories, stands as proof for him, and it devolves on complainants to overcome it by other evidence.

The most that can be said of the evidence to overcome the answer is, that it casts some degree of

J. A. Collger *et al. v.* M. Francis *et al.*

suspicion as to the *bona fides* of the purchase by Puckett. That he paid $355 for the note is distinctly stated, and this statement is uncontradicted. It is true, it was an insolvent estate, and there was uncertainty as to how much would be realized; still Puckett was trading with a man in embarrassed circumstances, for a note that was overdue, and with the means, by proper inquiry to approximate the real value of the note.

Under such circumstances, while we can not say that he acted fraudulently in buying the note at $355. the suspicious character of the transaction renders it inequitable that he should hold more of the proceeds of the note than the $355 paid, with interest. 3 Head, 578.

We so hold and decree accordingly, modifying the decree below as indicated. The costs of this Court and of the Court below will be paid out of the fund.